UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian*
*Megan Dugle,* and MEGAN DUGLE, *in her*
*individual capacity,*                                                                                    PLAINTIFFS

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                                             INTERVENOR PLAINTIFF,


v.                                          **OPINION AND ORDER**


NORFOLK SOUTHERN RAILWAY COMPANY,                                                DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Partial Summary Judgment (Rec. No. 80) filed by the Defendant. The Plaintiffs have responded, in part, by asking the Court to hold in abeyance the Defendant's motion for partial summary judgment until the parties have completed certain discovery.

The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996).

Rule 56(f) provides:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.

Fed. R. Civ. P. 56(f).

"If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Vance*, 90 F.3rd at 1149.

In compliance with Rule 56(f), the Plaintiffs have submitted an affidavit by their counsel which specifies the particular information they seek through discovery and why that information is necessary to respond to the Defendant's summary judgment motion. The Court recognizes that the Defendant has not yet responded to that affidavit. Nevertheless, the Court has reviewed the Motion for Partial Summary Judgment in which the Defendant asks for summary judgment on the claim by the Plaintiffs and Intervening Plaintiffs that its train crew was negligent in failing to sound a locomotive horn before the train collided with a car driven by Shelby County Deputy Sheriff Paul Dugle. The Court has also conferred with Magistrate Judge Edward B. Atkins to whom all discovery issues have been referred in this matter.

The Court notes that no party will be prejudiced if discovery is completed before this and other dispositive motions are decided by the Court as permitted by the Court's Scheduling Order. The discovery deadline in this matter is October 1, 2009. The dispositive motion deadline is November 1, 2009.

Thus, before the Defendant incurs the expense of responding to the Plaintiffs' Rule 56(f) affidavit, the Court will deny the Defendant's motion for summary judgment without prejudice with leave for the Defendant to refile it after the completion of discovery in this matter.

For all these reasons, the Court hereby ORDERS as follows:

1) The Defendant's Motion for Partial Summary Judgment (Rec. No. 80) is DENIED without prejudice as premature;

2)     The Defendant may REFILE the Motion for Partial Summary Judgment after the close of discovery in this matter; and

3)     All other motions pending in this matter as of the date of this Order are DENIED as moot.

Dated this 27th day of April, 2009.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**