UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian
Megan Dugle,* and MEGAN DUGLE, *in her
individual capacity,*                                                                            PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                      INTERVENOR PLAINTIFF,

v.                                **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,                  DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' objections to an Order issued by the Magistrate Judge on November 2, 2009.

### I.    BACKGROUND.

The Plaintiffs in this action are husband and wife Paul and Megan Dugle. In their Complaint, they assert that, on or about September 1, 2006, Paul Dugle was driving his sheriff's cruiser across a railroad crossing when a train owned by Norfolk Southern hit Dugle's cruiser, leaving him permanently impaired. In their response to Norfolk Southern's motion for a protective order that is at issue, the Plaintiffs assert that, at the time of the accident, Paul Dugle was leaving the sheriff's firing range on a road that crosses Norfolk Southern's tracks at grade before intersecting Kings Highway in Shelby County, Kentucky. (DE 164 at 2).

The Plaintiffs assert a negligence claim against Norfolk Southern and seek compensatory and punitive damages. Specifically, they assert that Norfolk Southern negligently operated the train and negligently failed to maintain the railroad crossing. The Plaintiffs assert that Norfolk Southern failed to comply with its duty to clear foliage from the area and that it knew that the crossing presented a highly

dangerous condition but it failed to correct it.

The Plaintiffs also assert a negligence per se claim against Norfolk Southern, asserting that Norfolk Southern violated a state statute, KRS 277.060, which sets forth the duties of railroad companies to maintain railroad lines. (DE 1, State Court Complaint).

On November 2, 2009, the Magistrate Judge issued an Order precluding the Plaintiffs from attempting to examine or cross examine any witness in discovery deposition or at trial concerning certain information protected under 23 U.S.C. § 409. That statute provides:

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

The Magistrate Judge further specifically ordered that the Plaintiffs could not question any witness concerning information "contained in any U.S. DOT – AAR Crossing Inventory Form for U.S. DOT-AAR grade crossing 7356136 at milepost 319.7W, as well as any other railroad grade crossing. . . ." and that the Plaintiffs could not use any such forms as evidence in this matter. The Magistrate Judge also struck a particular U.S. DOT-AAR Crossing Inventory Form — the form "dated 1974 for the railroad grade crossing at Norfolk Southern milepost 319.7W" from the record of this proceeding. The Plaintiffs' Counsel attempted to introduce this form as an exhibit to the deposition of a Norfolk Southern employee which prompted Norfolk Southern's Motion for Protective Order. .

The Plaintiffs object to the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A) which provides that this Court may reconsider a pretrial order such as that at issue in this Opinion "where it has been shown that the magistrate judge's order is clearly

2

erroneous or contrary to law."

## II. ANALYSIS.

The Plaintiffs assert three objections to the Magistrate Judge's order. First, they object that the order only prevents the Plaintiffs from using the material described in Section 409 but does not prohibit the Defendant from doing so. Second, the Plaintiffs object to the Magistrate Judge's determination that the Defendant did not waive the privilege contained in Section 409. Third, the Plaintiffs object to the Magistrate Judge's order on the basis that the statute does not protect information regarding private crossings, as opposed to public crossings.

The Court will address these issues in reverse order.

### A. Application to Private Crossing.

As to whether the statute pertains to information collected with regard to a private railroad crossing, neither party has briefed whether the crossing at issue is, in fact, private, and the Court does not address this issue. For purposes of this motion, the Court assumes that the crossing is private.

The statute makes no distinction between private and public crossings. In their briefs filed before the Magistrate Judge, the Plaintiffs did not raise this issue. At the hearing before the Magistrate Judge, the Plaintiffs argued that, in order for Section 409 to apply, the crossing at issue must be "eligible for federal funds" and that private roadways are not eligible for federal funds. (DE 173, T'script at 20-21). However, they cited no authority for that argument.

In their objections, the Plaintiffs again cite no authority for their argument that the statute does not pertain to information collected with regard to a private railroad crossing.

By its plain language, the statute applies to data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of railway-highway crossings pursuant to 23 U.S.C. § 130. As explained in *Southern Pacific Transp. Co. v. Builders Transport, Inc.*, 1993 WL

185620 (E.D. La. 1993), the referenced Section 130 establishes federal funding for safety enhancement of railroad crossings on "all 'highways,' not just 'public roads.'" *Id*. at 14. *See also* 28 U.S.C. §§ 130(a) and (d) (establishing funding for eliminating hazards at railway-*highway* crossings and requiring states to maintain a survey of *all highways* to identify railroad crossings which need improvements). Further, pursuant to Section 101(a) of title 23, a highway is defined to include "a road, street, and parkway."

Accordingly, even if the crossing at issue here is "private," Section 409 is applicable.

**B.  Waiver.**

The Plaintiffs next object to the Magistrate Judge's Order on the basis that, even if Section 409 is applicable to the crossing at issue, Norfolk waived the privilege established by the statute.

The Plaintiffs argue that Norfolk Southern has repeatedly argued that the crossing was private and closed and that, in support of that argument, Norfolk Southern has referenced the DOT inventory for the crossing.

Specifically, the Plaintiffs submits a request for production of documents in which they requested all documents related to the closing of the crossing at 735613K and related to the classification of the crossing as private. Norfolk Southern responded that it had previously provided the Plaintiffs with a copy of the Department of Transportation Inventory confirming that the crossing was a closed private railroad grade crossing. The Plaintiffs also submit the transmittal letters from Norfolk-Southern's counsel stating that the U.S. DOT- Crossing Inventory forms dated October 16, 2007 and April 7, 1997 were attached.

The Plaintiffs also point out that Norfolk Southern again invoked the inventories in a Motion for Partial Summary Judgment filed February 18, 2009 (DE 80). In the motion, Norfolk Southern cites a U.S.DOT - AAR Crossing Inventory Form prepared by the Kentucky Department of Transportation as evidence that the Kentucky DOT closed the railroad crossing. That motion was denied by this Court

4

without prejudice as premature (DE 102). Thus, the inventory form has never been considered as evidence in this proceeding.

Norfolk Southern argues that Section 409 establishes a protection that cannot be waived. Looking just to the plain language of the statute, it establishes an absolute prohibition on the discovery and admissibility of the documents described. The Court finds nothing in the statute that would permit a party to choose to use the subject information as evidence despite the absolute prohibition.

In their brief filed before the Magistrate Judge, the Plaintiffs asserted that the prohibition of Section 409 can be waived pursuant to Rule 509 of the Kentucky Rules of Evidence. However, that rule provides that a person can waive a privilege by voluntary disclosure of privileged information where the privilege is conferred by the Kentucky Rules of Evidence. It does not apply to an evidentiary protection provided by federal statute. Further, Section 409 explicitly provides that its prohibition applies "[n]otwithstanding any other provision of law."

As the Seventh Circuit stated in *Harrison v. Burlington Northern R. Co.*, 965 F.2d 155 (7th Cir. 1992):

> [Section 409] withdraws the broad latitude of discretion ordinarily allowed judges in evidentiary matters and bars the reception of evidence as it states that the "reports, surveys, schedules, lists, or data" within the statute "*shall not* be admitted into evidence in Federal or State court or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

*Id*. at 159.

Under the plain language of the statute, this Court is prohibited from permitting any party to use the protected information as evidence. The statute leaves no discretion on that issue to either the parties or this Court.

This of course means that the Court will not permit either party – Norfolk Southern or the

5

Plaintiffs – to use any information protected under Section 409. Accordingly, the Court will modify the Magistrate Judge's November 2, 2009 Order to make clear that the prohibition contained in Section 409 applies to all parties in this action.

III. **CONCLUSION.**

For these reasons, the Court hereby ORDERS as follows:

1) the Magistrate Judge's Order dated November 2, 2009 is MODIFIED in the following manner: a) in the last paragraph of page 1, the phrase "no party shall" is substituted for the phrase "the Plaintiffs and the Intervening Plaintiffs shall not;" 2) in the second paragraph of page 2 of the Order, the phrase "all parties" is substituted for the phrase "counsel for the Plaintiffs and the Intervening Plaintiffs' Counsel" and for the phrase "the Plaintiffs and Intervening Plaintiffs."

2) The remainder of the Magistrate Judge's Order, is ADOPTED by the Court, the Court finding that it is not clearly erroneous or contrary to law.

Dated this 13th day of May, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge