UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian Megan Dugle,* and MEGAN DUGLE, *in her individual capacity,*                                                PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                    INTERVENOR PLAINTIFF,

v.                                  **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,                     DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Partial Summary Judgment on Claims Regarding Train Speed (DE 177) filed by the Defendant Norfolk Southern Railway Company ("Norfolk"). For the following reasons, the motion will be granted.

**I.     FACTS.**

The Plaintiffs in this action are husband and wife Paul and Megan Dugle. On September 1, 2006, Paul Dugle, who was a Shelby County Deputy Sheriff at the time, was driving a 2006 Crown Victoria police cruiser across a railroad crossing in Shelby County when a train owned by Norfolk hit the cruiser, leaving him permanently impaired. The collision occurred at about 10:23 a.m. (DE 1, State Court Complaint; DE 176, Ex. 1, KSP Report).

The Plaintiffs assert a negligence claim against Norfolk and seek compensatory and punitive damages. Specifically, they assert that Norfolk negligently operated the train and failed to maintain the railroad crossing. They also assert a negligence per se claim against Norfolk, asserting that

Norfolk violated a state statute, KRS 277.060, which sets forth the duties of railroad companies to maintain railroad lines. (DE 1, State Court Complaint).

## II. ANALYSIS.

With its Motion for Partial Summary Judgment on Claims Regarding Train Speed (DE 177), Norfolk asks the Court to dismiss any claims by the Plaintiffs that the train was traveling at an excessive speed and to strike any opinions by the Plaintiffs or their expert witnesses that the train should have slowed on approach to the railroad crossing.

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Norfolk states that the train was traveling 32 miles per hour when it approached the crossing. The Plaintiffs do not dispute this.

In *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 664 (1993), the Supreme Court explained:

> Federal regulations issued by the Secretary pursuant to [the Federal Railroad Safety Act ("FRSA")] and codified at 49 CFR § 213.9(a) (1992) set maximum allowable operating speeds for all freight and passenger trains for each class of track on which they travel. The different classes of track are in turn defined by, *inter alia*, their gage, alignment, curvature, surface uniformity, and the number of crossties per length of track.

*Id*. at 673.

Norfolk explains that these federal regulations restricted the train speed at this particular crossing to no more than 40 miles per hour. 49 C.F.R. §§ 213.9, 213.57 & Appx. A to Part 213, Table

1. The Plaintiffs do not dispute this. Further, they concede that "[t]he evidence plainly demonstrates that the Norfolk Southern train involved in this collision was traveling at a speed that did not exceed the maximum train speed for the class of track on which it was traveling." (DE 208).

Federal regulations promulgated pursuant to FRSA may pre-empt any state "law, rule, regulation, order," including state negligence law "covering" the same subject matter. 49 U.S.C. § 20106; *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). Federal regulations "cover" a subject matter if they "substantially subsume" it. *Id.* In *Easterwood*, the Supreme Court held that the federal regulations setting maximum train speed pre-empt a negligence action "insofar as it asserts that [the] train was traveling at an excessive speed." *Id.* at 676.

The Plaintiffs do not dispute that any claim that the train was traveling at an excessive speed is pre-empted. The Plaintiffs state that they assert no such claim. They argue that their claim is not the train was traveling at an excessive speed but that Norfolk breached its duty to slow the train to avoid a "specific, individual hazard."

In *Easterwood*, the Court indicated in a footnote that "[p]etitioner is prepared to concede that the preemption of respondent's excessive speed claim does not bar suit for breach of related tort law duties, such as the duty to slow or stop a train to avoid a *specific, individual hazard*." 507 U.S. at 675 n. 15 (emphasis added). It declined, however, to address "the question of FRSA's pre-emptive effect on such claims." *Id*. FRSA itself now provides that state law claims "necessary to eliminate or reduce an *essentially local safety or security hazard*" are not pre-empted. 49 U.S.C. § 20106(2)(emphasis added).

The Plaintiffs argue that Deputy Dugle's cruiser was a specific, individual and essentially local hazard. They argue that their claim is that the train crew should have slowed the train when they

discovered him on the track. The Plaintiffs cite two district courts that have permitted such claims. *Kroh v. Norfolk Southern Ry. Co.*, 2008 WL 4820479 (M.D. Pa. 2008); *Shaup v. Frederickson*, 1998 WL 726650 at *11-12 (E.D. Pa. 1998). However, this Court has previously ruled that there is no evidence that the train crew could have saved Deputy Dugle from injury whether by braking or otherwise after discovering his peril and that, thus, this issue should not be presented to the jury. (DE 286).

The Plaintiffs next argue that their claim is that the horn did not work on the train and "where equipment fails on the lead engine while a train is in route," the train crew has a duty to slow the speed when approaching all "public grade crossings." There are several problems with this argument. First, the Court has ruled that the crossing at issue is not public but instead is private. (DE 286). Second, Plaintiffs cite no case law in support of their argument that a train must go slower than the federal speed limit if its horn is not functioning. Third, the Plaintiffs apparently conducted no discovery on whether the horn was functioning. The only evidence that the Plaintiffs points to for their argument that the train horn was not operational is the RailView video which they argue shows that the train crew depressed the horn button at the crossing prior to the one at issue in this case but, they argue, the horn is inaudible. Because a jury could not reasonably infer from the RailView video alone that the horn did not function, the Court will not permit such arguments to be made to the jury.

Finally, the Plaintiffs recognize that "[c]laims that a railroad should have slacked the speed of its train are likely preempted, but claims based on the failure to 'crew flag' a crossing are not." Because any claims based on a failure to crew flag are unrelated to the current motion, the Court will not address this argument.

For all these reasons, the Court hereby ORDERS that Norfolk's Motion for Partial Summary Judgment on Claims Regarding Train Speed (DE 177) is GRANTED; any claims by the Plaintiffs that the train was traveling at an excessive speed are DISMISSED; and any testimony that the train should have slowed on approach to the railroad crossing is STRICKEN and shall not be presented to the jury.

Dated this 8th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge