UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian*
*Megan Dugle,* and MEGAN DUGLE, *in her*
*individual capacity,*                                                                   PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                                              INTERVENOR PLAINTIFF,

v.                                              **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,                                              DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Partial Summary Judgment Seeking Dismissal of all Claims for Punitive Damages (DE 178) filed by the Defendant Norfolk Southern Railway Company ("Norfolk").

## I.     FACTS.

The Plaintiffs in this action are husband and wife Paul and Megan Dugle. On September 1, 2006, Paul Dugle, who was a Shelby County Deputy Sheriff at the time, was driving a 2006 Crown Victoria police cruiser across a railroad crossing in Shelby County when a train owned by Norfolk hit the cruiser, leaving him permanently impaired. The collision occurred at about 10:23 a.m. (DE 1, State Court Complaint; DE 176, Ex. 1, KSP Report).

The Plaintiffs assert a negligence claim against Norfolk and seek compensatory and punitive damages. Specifically, they assert that Norfolk negligently operated the train and failed to maintain the railroad crossing. They also assert a negligence per se claim against Norfolk, asserting that Norfolk violated a state statute, KRS 277.060, which sets forth the duties of railroad companies to

maintain railroad lines. (DE 1, State Court Complaint).

**II.     ANALYSIS.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In this motion, Norfolk asks the Court to dismiss the Plaintiffs' claims for punitive damages. Under Kentucky law, "[a] plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS § 411.184(2). Malice is the only level of culpability described in the statute that is applicable to this action.

The statute define malice as "either conduct which is specifically intended by the defendant to cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in human death or bodily harm." KRS § 411.184(1)(c).

In *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), the Kentucky Supreme Court held that this definition of malice was unconstitutional because it, "in effect, abolished the common law right to punitive damages by requiring the defendant to have a subjective awareness that his conduct would result in death or bodily harm." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003). *Williams* held that the correct standard to be applied in giving a punitive damage jury instruction was that of common-law gross negligence, established in *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382 (Ky. 1985). *Id*.

*Horton* defined gross negligence as requiring "first. . . [a] failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by 'wanton or reckless disregard for the lives, safety or property of others.'" 690 S.W.2d at 389-90. In *Phelps*, the Kentucky Supreme Court determined that jury instructions correctly defined gross negligence as a "wanton or reckless disregard for the safety of other persons." 103 S.W.3d at 52.

In response to Norfolk's motion, the Plaintiffs appear assert that they may be entitled to punitive damages on three theories: 1) the train crew did not sound the horn or apply the brakes on the day of the accident; 2) Norfolk either prohibited its train crews from sounding their horns at this crossing or, at least, did not instruct its train crews to sound their horns when approaching this crossing; and 3) Norfolk did not clear vegetation at this crossing.

This Court has already ruled that there is no evidence that the train crew could have saved Deputy Dugle from injury after discovering his peril and this issue should not be presented to the jury. Accordingly, the jury should not be instructed that it may award punitive damages for the train crew's failure to take action to save Deputy Dugle from injury after discovering his peril.

The Court has also already dismissed any claims by the Plaintiffs that the train was traveling at an excessive speed and has stricken any testimony that the train should have slowed on approach to the railroad crossing. Accordingly, the jury should not be instructed that it may award punitive damages for the train crew's failure to slow the train on approach to the crossing.

However, the Court is unable, based on the record before it at this point, to rule that the jury should not be instructed that it may award punitive damages for the train crew's failure to sound the horn as it approached the crossing; for Norfolk's failure to instruct its train crews to sound their horns when approaching this crossing; or for Norfolk's failure to clear vegetation at this particular crossing.

Accordingly, the motion for summary judgment on these issues will be denied without prejudice. Norfolk may raise the motion again after evidence has been presented at trial.

Accordingly, the Court hereby ORDERS as follows:

1) Norfolk's Motion for Partial Summary Judgment Seeking Dismissal of all Claims for Punitive Damages (DE 178) is GRANTED in part and DENIED in part as follows:

   a) the Motion is GRANTED to the extent it asks the Court to rule that the jury should not be instructed that it may award punitive damages for the train crew's failure to take action to save Deputy Dugle from injury after discovering his peril or for the train crew's failure to slow the train on approach to the crossing; and

   b) the Motion is otherwise DENIED without prejudice. Norfolk may raise this motion again after evidence has been presented at trial.

Dated this 8th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**