UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian
Megan Dugle,* and MEGAN DUGLE, *in her
individual capacity,*                                                                    PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                                  INTERVENOR PLAINTIFF,

v.                                          **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,                              DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Exclude Opinion Testimony of Jimmy Scott (DE 228) filed by the Defendant Norfolk Southern Railway Company ("Norfolk").

**I.     FACTS.**

**A.     The Accident.**

The Plaintiffs in this action are husband and wife Paul and Megan Dugle. On September 1, 2006, Paul Dugle, who was a Shelby County Deputy Sheriff at the time, was driving a 2006 Crown Victoria police cruiser across a railroad crossing in Shelby County when a train owned by Norfolk hit the cruiser, leaving him permanently impaired. The collision occurred at about 10:23 a.m. (DE 1, State Court Complaint; DE 176, Ex. 1, KSP Report).

**B.     The Complaint.**

The Plaintiffs assert a negligence claim against Norfolk and seek compensatory and punitive damages. Specifically, they assert that Norfolk negligently operated the train and failed to maintain the railroad crossing. They also assert a negligence per se claim against Norfolk, asserting that

Norfolk violated a state statute, KRS 277.060, which sets forth the duties of railroad companies to maintain railroad lines. (DE 1, State Court Complaint).

## II. STANDARD.

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Court clarified that expert testimony is admissible only if it is both relevant and reliable. *Daubert*, 526 U.S. at 589; *Kumho Tire*, 526 U.S. at 147.

As to reliability, a witness must first establish that he is qualified on the basis of "knowledge, skill, experience, training, or education." *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000)(citing Fed. R. Evid. 702). The Court then must "determine whether the principles and methodology underlying the testimony itself are valid." *Id*. The Court is not to "second guess the validity of conclusions generated by otherwise valid methods, principles, and reasoning." *Id*.

As to relevancy, "[t]his requirement has been interpreted to mean that scientific testimony must 'fit' the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify." *Id*. at. 578.

The party proffering the expert testimony must prove its reliability and relevancy by a preponderance of the evidence. *Id*.

### III. ANALYSIS.

Norfolk's objection to Scott's testimony falls into three categories. First, Norfolk objects to Scott's testimony as to what the law is regarding a train crew's duty to sound the horn at a private crossing and regarding a train crew's duty to crew flag a crossing. Second, Norfolk objects to Scott's testimony as to Norfolk's policy regarding a train crew's duty to sound the horn at a private crossing. Third, Norfolk objects to Scott's testimony about the industry practice regarding sounding the horn at a private crossing.

Norfolk has not filed Scott's deposition in the record. However, the Plaintiffs do not dispute that Scott testified in the manner Norfolk describes.

### A. Scott's Testimony Regarding the Legal Requirements to Sound the Horn and Crew Flag the Crossing.

In the first category, Norfolk points to the following two statements that Scott made in his deposition regarding the law governing a train crew's duty to sound the horn at a private crossing.

- Scott's statement that a train crew has a duty to sound the horn at all crossings, public and private. (DE 228 at 5 citing Scott Dep. at 237).

- Scott's statement, when asked if it was true that the Federal Railroad Administration did not require the sounding of a horn at private crossings that, "I've never seen that in the code, no, ma'am." (DE 228 at 7 citing Scott Dep. at 200-01, 203-04).

Any statement that train crews have a duty to sound the horn at all crossings not only seeks to instruct the jurors on the law but is also erroneous. Federal regulations to not address the obligation to sound a train's horn at a private crossing. 49 C.F.R. § 222.25. Under Kentucky law, there is no duty to sound the horn at a private crossing unless an exception applies. *Calhoun v. CSX Transp., Inc.*, 2009 WL 152970 at * 5-6 (Ky. App. 2009). Thus, to the extent that Scott testified that a train crew has a duty to sound the horn at all crossings, public and private, any such statements will be

3

excluded as irrelevant, confusing, and misleading.

The second statement also seeks to instruct the jurors as to the law and is also inaccurate. Federal law does not address a train crew's duty to sound the horn at private crossings. Thus, this statement will be excluded as irrelevant, confusing, and misleading.

Norfolk also complains that Scott testified that, when a locomotive engine's horn malfunctions, Norfolk crews approaching a railroad grade crossing, whether private or public, are required to "stop and flag the crossing." (DE 228 at 9-10 citing Scott Dep. at 287-88).

This statement should also be excluded. The Court has already ruled that there is not sufficient evidence from which a jury could infer that the train horn was not functioning. Accordingly, any testimony regarding Norfolk's practice when a train horn is not functioning is irrelevant and confusing.

**B.     Scott's Testimony Regarding Norfolk's Rules.**

In the second category, Norfolk points to the following two statements that Scott made in his deposition regarding Norfolk's rules governing a train crew's duty to sound the horn at a private crossing.

- Scott's statement that Norfolk's Operating Rule 14(l) requires train crews to blow at private crossings. (DE 228 at 7 citing Scott Dep. at 208).

- Scott's statement that Norfolk's Operating Rule 14(l) requires train crews to begin sounding a horn upon reaching a whistle board. (DE 228 at 8 citing Scott Dep. at 209).

These statement should be excluded because they are inaccurate. Nothing in Norfolk Rule 14(l), which is attached to Norfolk's motion as an exhibit, requires the sounding of the train's horn at a private crossing or the sounding of the train's horn upon passing the whistle board at a private

4

crossing. Accordingly, these statements should be excluded as irrelevant, confusing, and misleading.

C.  **Scott's Statements Regarding Industry Practice.**

As to the third category of statements made by Scott, Norfolk points to the following statement made by Scott regarding industry practice:

- "Everyone that I'm aware of teaches their engineers to blow at all crossings, with or without [whistleboards]. If you're going to err, err on the side of safety, and that's the way the rule's taught. It's taught that way across the board." (DE 228 at 6 citing Scott Dep. at 237).

This is not a statement of the law but rather a statement of industry practice. Scott is a certified locomotive engineer and a railroad operations consultant. From 1969 to 1995, he worked in the railroad industry as an engineer and as a supervisor of engineers. Norfolk argues that Scott is not qualified to opine about industry practice regarding sounding the horn at crossings because he has not been employed by a railroad since 1995 and, thus, is not familiar with current laws and practices. However, from 1995 to the present, Scott has continued to work in the railroad industry as a consultant.

At this point, there is not sufficient evidence in the record from which the Court can determine whether Scott is qualified to testify as to the industry practice regarding the sounding of the train's horn at private crossings. Accordingly, a hearing on this issue will be necessary.

For all these reasons, the Court hereby ORDERS as follows:

1) Norfolk's Motion to Exclude Opinion Testimony of Jimmy Scott (DE 228) is GRANTED in part and DEFERRED in part. The motion is GRANTED as to statements regarding the law governing a train crew's duty to sound the horn at a private crossing and regarding a train crew's duty to crew flag a crossing when the horn is not working and Scott is not permitted

to testify on such matters;

2) The motion is DEFERRED as to Scott's testimony regarding industry practice as a hearing on this matter is necessary. At the pretrial conference of this matter on July 12, 2010, the Court SHALL SET this matter for a *Daubert* hearing to be conducted that week.

Dated this 15th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge