UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his co-legal guardians
Michael Dugle and Brenda Radcliff,* and MEGAN DUGLE, *in her
individual capacity,* PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND, INTERVENOR PLAINTIFF,

v. **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion in Limine to Exclude the Plaintiff's Computer-Generated Animations (DE 231) filed by the Defendant Norfolk Southern Railway Company.

**I. FACTS.**

**A. The Accident.**

The Plaintiffs in this action are husband and wife Paul and Megan Dugle. On September 1, 2006, Paul Dugle, who was a Shelby County Deputy Sheriff at the time, was driving a 2006 Crown Victoria police cruiser across a railroad crossing in Shelby County when a train owned by Norfolk hit the cruiser, leaving him permanently impaired. The collision occurred at about 10:23 a.m. (DE 1, State Court Complaint; DE 176, Ex. 1, KSP Report).

**B. The Complaint.**

The Plaintiffs assert a negligence claim against Norfolk and seek compensatory and punitive damages. Specifically, they assert that Norfolk negligently operated the train and failed to maintain

the railroad crossing. They also assert a negligence per se claim against Norfolk, asserting that Norfolk violated a state statute, KRS 277.060, which sets forth the duties of railroad companies to maintain railroad lines. (DE 1, State Court Complaint).

## II.     ANALYSIS.

In its motion, Norfolk moves to exclude certain computer-generated animations pursuant to Federal Rules of Evidence 402, 403, and 901 citing *Persian Galleries, Inc. v. Transcontinental Insurance Co.*, 38 F.3d 253 (6th Cir. 1994) in which the Sixth Circuit determined that "[a] court may properly admit experimental evidence if the tests were conducted under conditions substantially similar to the actual conditions. Admissibility, however, does not depend on perfect identity between actual and experimental conditions. Ordinarily, dissimilarities affect the weight of the evidence, not its admissibility." *Id*. at 259 (quoting *Randall v. Warnaco, Inc.*, 677 F.2d 1226, 1233-34 (8th Cir.1982) (citations omitted)).

Norfolk also cites *Dortch v. Fowler*, 2007 WL 1794940 (W.D.Ky. 2007). In that case, the district court permitted the defendant's expert to testify as to a demonstration of a wreck but excluded video and photographs of the demonstration finding that "the imagery will likely confuse the jury despite effective cross-examination intended to limit the weight of the evidence." *Id*. at *1.

The court determined that:

> As a general rule, an out-of-court experiment, which supports an expert's opinion testimony, is admissible where the experiment demonstrates a general scientific principle or where the experiment replicates the essential features of a disputed event. If the experiment purports to replicate actual events, the proponent of the evidence must show that the replication and the experiment are substantially similar. The closer the experimental evidence simulates actual events rather than demonstrates a scientific principle, the higher the foundational standard: the experiment and event must be sufficiently similar to provide a fair comparison.

*Id*. at *1 (citing George E. Dix et al, McCormick on Evidence § 202 (6th ed.2006); 33A Federal

Procedure, L. Ed. Witnesses § 80.254 (2003)).

The court determined that the demonstration at issue was intended more to simulate the collision than to demonstrate a scientific principle. *Id*. The court noted that "the images of the video and comparison of the photographs, and the weight to accord them, are not susceptible to cross-examination in the same way as testimony." *Id*. at *4. The court also noted that the video "creates an impression that the demonstration closely replicates actual events, despite significant dissimilarities" and excluded the video finding that the potential for confusion outweighed any probative value.

Norfolk argues that the animations are intended to replicate actual events and that they must be excluded because they are not "substantially similar" to the actual conditions on the day of the incident.

In their response, the Plaintiffs assert that the animations are intended only to illustrate the testimony of their expert, Dr. Kenneth Heathington. Dr. Heathington will testify as to "standard head movements and rotations." (DE 238, Ex. B, Heathington Aff. ¶ 11). He states that the head movements in the animations are "in accordance with [his] anticipated testimony concerning ordinary and expected driver behavior." The Plaintiffs argue that the animations are not intended to recreate the accident.

They cite *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996). In that case, the trial court admitted a videotape depicting the operation of a circuit breaker which was used during the testimony of the plaintiff's expert to demonstrate how a circuit breaker works. The Sixth Circuit noted that the videotape was used only for demonstration and that the court instructed the jury about the limited basis of its admission. *Id*. at 539. The court further determined that the videotape was not offered to simulate what happened to the circuit breaker during the accident in question or to simulate the results

of the expert's examination of the circuit breaker. *Id*. at 539-40.

The Court has reviewed the animations and Dr. Heathington's deposition and finds that the clear intent of the animations is to recreate the collision from Deputy Dugle's view. Dr. Heathington will opine as to standard head movements. However, the animations do not depict the head movements but instead the driver's *views* when making those movements. Dr. Heathington confirms in his deposition that the purpose of the animations is to recreate the collision. (DE 176, Ex. 38, Heathington Dep., pp. 17, 81-82, 234).

Further, even if the intent behind the animations was not to recreate the collision from Deputy Dugle's view, the animations are "sufficiently close in appearance to the original accident to create the risk of misunderstanding by the jury," thus requiring that the animations be substantially similar to the actual conditions. *Fusco v. General Motors Corp.*, 11 F.3d 259, 264 (1st Cir. 1993).

The sole point of the animations is to depict the views of a driver making standard head movements according to Dr. Heathington. However, there is no evidence that Deputy Dugle actually made those head movements. The Court is unable to declare that the views depicted in the animations are "substantially similar" to Deputy Dugle's actual views because there is no evidence regarding where Deputy Dugle was actually looking in the seconds leading up to the collision.

This deficiency could be addressed by instructing the jury that the animations depict only the views of a driver making the standard head movements to which Dr. Heathington will testify and by cross-examination of Dr. Heathington. However, the animations are vivid and are not themselves subject to cross-examination. The animations place the viewer in the driver's seat of Deputy Dugle's cruiser. They could very well create an indelible impression in the jury of what Deputy Dugle saw in the seconds leading up to the collision. The risk of such an impression is too great given that there is simply no evidence in the record indicating that the animations correctly capture Deputy Dugle's

views before and at impact.

The Court will permit Dr. Heathington to testify as to standard head movements and will also permit any admissible testimony regarding what the views of a driver making those standards head movements would have been before and at impact. However, the Court will exclude the animations, finding that their probative value is substantially outweighed by the dangers of unfair prejudice and of confusing or misleading the jury.

For all these reasons, Norfolk's Motion in Limine to Exclude the Plaintiff's Computer-Generated Animations (DE 231) is GRANTED.

Dated this 25th day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge