UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his co-legal guardians*
*Michael Dugle and Brenda Radcliff,* and MEGAN DUGLE, *in her*
*individual capacity,*                                                                     PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,                                          INTERVENOR PLAINTIFF,


v.                                                        **OPINION AND ORDER**


NORFOLK SOUTHERN RAILWAY COMPANY,                                          DEFENDANT.

* * * * * * * * *

This matter is before the Court on various motions in limine filed by the parties. The

motions and the Court's rulings are set forth below.

> **DE 297**   **Norfolk's Motion to Exclude any Testimony and Evidence Related to**
> **the Closure of Railroad Crossings other than the one where the**
> **collision at issue occurred.**

This motion is DENIED to the extent that Norfolk intends to argue or present evidence that

the crossing at issue was closed to vehicular traffic at the time of the accident.

Norfolk argues that the closure of other crossings is irrelevant to the issues remaining in this

case: whether the crossing was ultrahazardous and whether Norfolk was negligent in failing to sound

the horn or to clear vegetation near the track. Norfolk also argues that there are differences between

the closed crossings and the crossing at issue in this case and the decision to close them was based

on considerations unique to those particular crossings. Thus, Norfolk argues, evidence regarding their

closure will be confusing to the jury.

The Plaintiffs assert that Norfolk intends to argue that this crossing was closed to traffic. The

Plaintiffs assert that Norfolk will argue that this crossing was closed to vehicular traffic, no one had a right to use it, and, thus, Norfolk had no duty to sound its horn.

The Plaintiffs will argue that the crossing was not closed to vehicular traffic. Thus, the Plaintiffs argue, the manner by which Norfolk closed other crossings is relevant to the issue of whether this particular crossing was actually closed.

The Court agrees that the manner by which Norfolk closes other crossings is relevant to this action to the extent that Norfolk intends to argue that the crossing at issue in this action was closed to vehicular traffic. Such evidence will assist the jury in determining whether this crossing was closed to vehicular traffic. To the extent there are relevant dissimilarities between this crossing and any relevant closed crossing, Norfolk may present that evidence to the jury.

**DE 299        Norfolk's Motion to Exclude, in Part, the Testimony of Tony Carriss.**

This motion is GRANTED in part and DENIED in part. Norfolk moves to exclude statements made by James Tony Carriss, specifically, his testimony that (1) the pathway that travels over grade crossing 735613K was paved, (2) the pathway was part of the Shelby County road system, (3) the pathway was "grandfathered" into the Shelby County road system.

The witness may testify as to his personal observations of the physical condition of the road and Norfolk may present any contrary evidence of the road condition. To the extent that testimony is inaccurate, the Plaintiffs present that evidence at their peril.

However, this Court has already ruled as a matter of law that the road at issue is not a public road. Carriss may not opine that the road is public

**DE 301**       **Norfolk's Motion in Limine to Limit Introduction of Norfolk's Operating Rules, Safety and General Conduct Rules, Equipment Handling Rules, and other Internal Rules, Policies and Procedures.**

This motion is GRANTED. Norfolk states it has no objection to the admission of rules directly relevant to this action but asks the Court to exclude any evidence of its rules that lack direct relevance to the instant action.

The Plaintiffs argue that the sheer volume of rules, regulations, and policies in place at Norfolk is indicative of its reckless and wanton disregard for the lives and safety of motorists. The Plaintiffs also argue that there are no rules governing the situation that arose in this action and that the jury could infer from the absence of applicable policies that Norfolk has a reckless disregard for the lives of the public.

The Plaintiffs do not need to present the entirety of Norfolk's rules and regulations to show that Norfolk had no rules, regulations, or policies to govern the situation that is at the root of this action. Further, the volume of Norfolk rules, regulations and policies is not probative of a reckless disregard for the lives of motorists and such evidence presents a substantial danger of confusing the jury.

**DE 303**       **Norfolk's Motion to Exclude Any Arguments, Opinions or Speculation that its Freight Train and Lead Locomotive were Coasting Silently as the Train Approached the Crossing.**

This motion is GRANTED in part and DENIED in part. Norfolk states that it expects the Plaintiffs to argue that the train silently approached the crossing. Norfolk argues there is no evidence to support this assertion. Norfolk argues that its foremen will testify that the train was "extremely loud" because it had begun dynamic breaking. The Plaintiffs assert that they will present evidence that

the train was "coasting" and that the RailView video shows a "substantial decrease" in the extent to which the train is audible.

The Plaintiffs do not point to any evidence that the train was actually "silent." Accordingly, any arguments to that effect will be excluded. The Plaintiffs will, however, be permitted to offer any evidence regarding the audibility of the train and to make any corresponding arguments.

In reply, Norfolk also argues that the Plaintiffs cannot argue that the train was "coasting" as it approached the crossing. Norfolk argues that a train cannot both "coast" and "brake" as those terms are commonly understood. The Court will leave it to the parties to sort out these definitions for the jury.

Dated this 7th day of July, 2010.

**Signed By:**

*Karen K. Caldwell*
**United States District Judge**