UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his legal guardian Megan Dugle,* and MEGAN DUGLE, *in her individual capacity,*                                       PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,              INTERVENOR PLAINTIFF,

v.                          **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,                  DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Reconsider (DE 294) this Court's ruling on the Motion for Summary Judgment (DE 286) filed by the Defendant Norfolk Southern Railway Company ("Norfolk").

The Court has agreed to hear oral argument on the motion. However, to the extent that the Motion to Reconsider asks this Court to rule as a matter of law that Norfolk had no duty to cut the vegetation at this private crossing, the Court has no need to hear oral arguments on this issue before ruling.

In its summary judgment ruling, the Court indicated that, because the issue of whether the crossing was ultrahazardous was a jury question, it could not rule as a matter of law that Norfolk had no duty to cut the vegetation near the railroad track. This is because not all of the general rules applicable at private crossings apply where the crossing is ultrahazardous.

One of these general rules applicable to private crossings is that a railroad has no duty to clear away vegetation as a private crossing which may obstruct sight lines up and down the track. *See*

*Calhoun v. CSX Transp., Inc.*, 2009 WL 152970 at * 5 (Ky. App. 2009)(citing *Spalding v. Louisville & N.R. Co.*, 136 S.W.2d 1 (Ky. 1940)); *Gaw v. CSX Transp. Inc.*, 2008 WL 793655 at * 3 (W.D. Ky. 2008). After reviewing the parties' pleadings and the relevant case law, the Court finds that this is true, even if the vegetation should create an ultrahazardous crossing as that term is defined under Kentucky law. In other words, even if the vegetation grows to such an extent that the private crossing is deemed ultrahazardous, the railroad cannot be found liable for failing to clear the vegetation.

The Court has found no Kentucky case in which a railroad was held liable for failing to clear vegetation at a private crossing, thereby preventing the crossing from becoming ultrahazardous. Nor have the Plaintiffs cited any such case. Instead, the cases discuss the duty to warn the traveling public of the train's approach once a crossing has become ultrahazardous. *See, e.g., Louisville & Nashville Railroad Co. v. Quisenberry*, 338 S.W.2d 409, 411 (Ky. 1960)(where crossing is unusually dangerous, reasonable care may right that an alarm or signal be given by the approaching train); *Jewell v. CSX Transportation, Inc.*, 135 F.3d 361, 363 (6th Cir. 1998) (rationale of the ultrahazardous crossing doctrine is that there are some circumstances requiring greater warning of the approach of the train than is usual or statutorily required).

Thus, the Court can rule as a matter of law that Norfolk had no duty to clear vegetation at this private crossing. But, whether the vegetation near the private crossing may be considered in determining whether the crossing is ultrahazardous, thus imposing a duty on the railroad to warn the traveling public of an approaching train, is a separate issue and one upon which the Court will hear argument from the parties. *See Calhoun*, 2009 WL 152970 at * 7 (recognizing *Spalding's* holding that the railroad has no duty to clear vegetation but stating that "the requisites to qualify as an ultrahazardous crossing include natural obstructions and, thus, obstructive vegetation could bring a

crossing into the category.").

For all these reasons, the Court hereby ORDERS that Norfolk's Motion for Reconsideration (DE 294) is GRANTED in part and DEFERRED in part until after oral argument. The motion is GRANTED to extent that it asks this Court to rule as a matter of law that Norfolk had no duty to cut or clear the vegetation at this private crossing and the Court hereby AMENDS its summary judgment ruling (DE 286) to find that Norfolk had no duty to cut or clear the vegetation near the crossing. The remaining portions of the motion will be heard at a motions hearing scheduled for July 19, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge