UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-40

PAUL DUGLE, *by and through his co-legal guardians Michael Dugle and Brenda Radcliff,* and MEGAN DUGLE, *in her individual capacity,*     PLAINTIFFS,

KENTUCKY ASSOCIATION OF COUNTIES
WORKERS COMPENSATION FUND,     INTERVENOR PLAINTIFF,

v.     **OPINION AND ORDER**

NORFOLK SOUTHERN RAILWAY COMPANY,     DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion for Relief from Final Judgment pursuant to Rule 60(b)(6) [DE 469].

On November 15, 2010, this Court entered Judgment for the Defendant Norfolk Southern. [DE 461]. On December 13, 2010, the Plaintiffs appealed that ruling to the United States Court of Appeals for the Sixth Circuit. [DE 462]. The Plaintiffs' Rule 60(b)(6) motion was filed after the Notice of Appeal.

The filing of a notice of appeal generally divests the district court of jurisdiction. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). After the filing of a notice of appeal, this court no longer has jurisdiction to *grant* a Rule 60(b) motion. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008). However, under Rule 62.1 of the Federal Rules of Civil Procedure, this Court can 1) defer considering the Plaintiff's Rule 60(b)(6) motion; 2) *deny* the motion; or 3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial

issue. *See also* Advisory Committee's Note on Fed.R.Civ.P. 62.1. If this Court should state it would grant the motion or that the motion raises a substantial issue, the Court of Appeals can then remand the case to this Court. Fed. R. App. P. 12.1(b). Accordingly, the Court will consider the Plaintiffs' Rule 60(b)(6) motion.

I. **Background.**

To briefly summarize this action, on September 1, 2006, the Plaintiff Paul Dugle, who was a Shelby County Deputy Sheriff at the time, was driving a police cruiser across a railroad crossing in Shelby County, Kentucky when a train owned by Norfolk hit the cruiser, leaving Dugle permanently impaired. The Plaintiffs assert a negligence claim against Norfolk.

As the Court noted in its initial ruling on summary judgment, the Plaintiffs have not disputed that the crossing at issue in this case is private under Kentucky law. Under Kentucky law, a railroad's duties at private crossings have been described as practically non-existent. Most relevant to this case, a railroad has no duty to sound the horn when approaching a private crossing and there is no dispute that Norfolk did not do so when approaching this crossing prior to the accident.

There is an exception, however, for private crossings that are "ultrahazardous." At such crossings, if the railroad knew or by the exercise of ordinary care should have known the crossing was ultrahazardous, then the railroad has a duty to warn travelers at the crossing of an approaching train.

In its initial decision on summary judgment, the Court determined that whether the crossing was ultrahazardous was an issue for a jury to determine. However, as the Court noted in ruling on Norfolk Southern's motion for reconsideration, that decision did not come easily.

Determining whether a crossing is ultrahazardous seems to involve multiple factual inquiries that are generally the duty of the jury and not the courts to make. However in, by far, the majority

of Kentucky cases, the courts had made that determination as a matter of law. Neither party to this matter, however, desired to await the Kentucky Supreme Court's ruling in *Calhoun v. CSX Transportation, Inc.*, 331 S.W.3d 236 (Ky. Jan. 20, 2011). In granting discretionary review of that case, the Kentucky Supreme Court indicated it would review the proper standard for evaluating whether a crossing is ultrahazardous and the general duties owed by railroads at private crossings.

The Court thus proceeded again on reconsideration to try to make sense of the relevant Kentucky case law and ultimately ruled that the crossing at issue in this matter was not ultrahazardous as a matter of law. After the Plaintiffs filed their Notice of Appeal, the Kentucky Supreme Court issued its ruling in *Calhoun*.

**II.     Analysis.**

Relying on Rule 60(b)(6) [DE 469 at 3, 5], the Plaintiffs now move the Court to reconsider its ruling on reconsideration in light of the decision in *Calhoun*. In *Calhoun*, the court ruled that, under the facts of that case and under the state summary judgment standard, the question of whether the crossing at issue was unusually dangerous was for the jury and not the courts to decide. *Id*. at 246. The Plaintiffs argue that *Calhoun* represents a "clarification. . . of the controlling state law." [DE 469 at 5]. The Plaintiffs also state that *Calhoun* "confirmed that Kentucky law has not changed in decades." [DE 469 at 2].

For purposes of this motion, the Court assumes that *Calhoun* does indeed clarify the law on when a jury should determine whether a crossing is ultrahazardous. The question is whether a clarification of state law in a diversity case is grounds for granting a Rule 60(b)(6) motion. The rule appears to provide this Court wide latitude in altering a judgment, stating that the court may grant relief from a final judgment for "any...reason that justifies relief."

3

But the Sixth Circuit has held that the rule "applies only in exceptional or extraordinary circumstances. . . ." *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id*. (quotations and citation omitted).

The Plaintiffs point to no Sixth Circuit cases finding that such "extraordinary circumstances" exist where, in a diversity case such as this, the state's highest court "clarifies" the law. Nor has the Court located any such cases. Even a *change* in the applicable law does not warrant relief unless it is "coupled with some other special circumstance." *Id*., 249 F.3d at 524 ("[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief."). *See also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).").

Thus, whether *Calhoun* changes or clarifies Kentucky law, the Plaintiffs must set forth special circumstances in this case warranting relief under Rule 60(b)(6). They have not done so.

For these reasons, the Court hereby ORDERS that the Plaintiffs' Motion for Relief from Final Judgment pursuant to Rule 60(b)(6) [DE 469] is DENIED.

Dated this 21st day of April, 2011.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**